IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA ANN PENGLASE,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>　　　　　Defendant. | :<br>:<br>:<br>:　Civ. No. 17-3873<br>:<br>:<br>: |

# O R D E R

Plaintiff Rebecca Ann Penglase challenges the denial of disability insurance benefits and supplemental security income. (Pl.'s Req. for Review, Doc. No. 19.) Magistrate Judge Lloret has recommended that I uphold the Commissioner's decision. (R. & R. 2, Doc. No. 26.) Plaintiff has submitted objections; the Government has responded; and Plaintiff has replied. (Pl.'s Obj., Doc. No. 19; Def.'s Resp., Doc. No. 29; Pl.'s Reply, Doc. No. 30.) I will overrule Plaintiff's objections and adopt Judge Lloret's Report and Recommendation.

**I.　PROCEDURAL HISTORY**

On May 31, 2013, Plaintiff, then 30 years old, filed her Supplemental Security Income application, alleging the August 20, 2012 onset of disability rendering her completely unable to work. (R. 252–58.) Plaintiff appealed the Social Security Administration's denial of her application. (R. 149–50, 173–74, 200–04.) The ALJ conducted a hearing and denied Plaintiff's claim for benefits, finding that Plaintiff was not disabled and that, although she is unable to resume her prior employment, "there are jobs that exist in significant numbers in the national economy that [she] can perform." (R. 17–29.) Plaintiff's request for review by the Appeals Council was denied on June 23, 2017. (R. 1–6, 249–51.) On April 25, 2018, Magistrate Judge Lloret submitted his Report and Recommendation. (R. & R., Doc. No. 26.)

## II. LEGAL STANDARDS

I must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).

I must review *de novo* those portions of the Report and Recommendation or specific factual findings to which objection is made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, [the Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the findings and conclusions of the Magistrate Judge to which no objection has been made. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

Plaintiff argues that Judge Lloret should have ruled that the ALJ never fully accounted for Plaintiff's panic attacks in the RFC assessment or the hypothetical question. (Pl.'s Obj. 1, Doc. No. 27.) Plaintiff asserts that the RFC and hypothetical question failed to include that she suffered with "some frequency" from panic attacks during work hours, rendering her unable to "persist on a task and concentrate." (Pl.'s Obj. 1–3.) Plaintiff argues that the ALJ instead used "optimistic speculation" to assume that the RFC formulation would eliminate her panic attacks. (Pl.'s Obj. 2.) Because substantial evidence supports the ALJ's determination, however, I will

overrule Plaintiff's objection.

When there is evidence of mental impairment, "[t]he ALJ has a duty to . . . inquir[e] into the present status of impairment and its possible effects on the claimant's ability to work. Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999). The ALJ must evaluate all medical opinions, giving them weight according to their support and consistency with the entire record. Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). The ALJ may then credit some opinions and discredit others, providing he or she provides a rationale for doing so. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 506 (3d Cir. 2009). "In doing so, an ALJ may not make speculative inferences from medical reports." Plummer, 186 F.3d at 429.

In forming the RFC and hypothetical question, the ALJ considered the relevant medical records, Plaintiff's testimony, several medical opinions, and the testimony of Plaintiff's friend and sister. (R. 23–26.)

The medical records from Plaintiff's treatment at the Delaware House, where she began treatment in July 2014, stated that by 2015, she suffered only occasionally from panic attacks. (Id. at 24, 443–53.) The records also showed continued improvement through February 2016, and that Plaintiff "wanted to go back to school." (Id.) Plaintiff's progress was stunted, however, because she was "only focused on obtaining SSD [benefits and had] no interest in obtaining gainful employment." (Id.) The records did not show that Plaintiff suffered from any extended period of decompensation. (Id. at 22, 389–635.) Moreover, there is no record evidence that Plaintiff presently suffers daily from panic attacks. (Id. at 26, 389–635.) The ALJ found that these records showed "significant improvement in her functioning, and even [that she is] doing well." (Id. at 25.)

The ALJ only partially credited Plaintiff, finding Plaintiff's testimony regarding the

3

frequency and severity of her panic attacks to be inconsistent with the "medical evidence and other evidence in the record." (Id. at 24.) For instance, the ALJ found inconsistent with Plaintiff's description of severe and frequent panic attacks, Plaintiff's testimony that she cares for her son, completes chores, recently visited the zoo, has friends, helps her son with his homework, plays games, and that over recent years she has lived alone, with friends, and with family, each time without issue. (Id. at 21–23.) The ALJ found that this testimony showed that Plaintiff was capable of working. (Id.)

The ALJ adequately explained why she gave little weight to other record evidence. She discounted the opinions of the state agency consultants that Plaintiff suffered from mild to moderate physical and mental limitations, in favor of more recent medical evidence. (Id. at 25.) She gave little weight to the opinion of Dr. Asma Badar that Plaintiff could work only part-time, as conclusory and without any discussion of function by function limitations. (Id.) The ALJ gave little weight to Plaintiff's Global Assessment of Functioning scores because they "pertain to mere snapshots in time and are highly subjective, with no clear rationale for their formulation." (Id.) She discounted the testimony of Plaintiff's friend and sister as possibly "influenced by feelings of loyalty" and without medical basis. (Id. at 26.)

Having discredited Plaintiff's testimony about the frequency and severity of her panic attacks, the ALJ instead found that Plaintiff suffers from occasional panic attacks of mild to moderate severity. (R. 24.) The ALJ based her denial of benefits on this finding—along with her findings regarding Plaintiff's other medical impairments, age, education, and work experience. (Id. at 27.) The law does not compel the ALJ to find Plaintiff completely unable to work simply because she may at some point suffer from a panic attack while at work. See Creegan v. Comm'r of Soc. Sec., 142 F. App'x 567, 570 (3d Cir. 2005) (claimant who suffered

4

an "episode of major depression" and who continues to suffer from depression not entitled to SSI benefits); Spotswood v. Comm'r of Soc. Sec., 159 F. App'x 399, 400 (3d Cir. 2005) (claimant suffering from depression, including a severe episode of depression, was not entitled to SSI benefits); Moreno v. Comm'r of Soc. Sec., 199 F. App'x 178, 179 (3d Cir. 2006) (child who suffered occasional severe asthma attacks was not entitled to SSI benefits).

For these reasons, I agree with Judge Lloret's analysis and will overrule Plaintiff's objections to the ALJ's treatment of her panic attacks.

\* \* \*

**AND NOW**, this 31st day of October, 2018, after careful and independent review of the initial Complaint (Doc. No. 1), the Commissioner's Answer (Doc. No. 11), the administrative record (Doc. Nos. 12, 13), Plaintiff's Motion for Summary Judgment and Request for Review (Doc. Nos. 19, 20), the Commissioner's Response (Doc. No. 22), Plaintiff's Reply (Doc. No. 25), Magistrate Judge Lloret's Report and Recommendation (Doc. No. 26), Plaintiff's Objections (Doc. No. 27), the Commissioner's Response (Doc. No. 29), and Plaintiff's Reply (Doc. No. 30), it is hereby **ORDERED** that:

1. Plaintiff's Objections (Doc. No. 27) are **OVERRULED**;
2. The Report and Recommendation (Doc. No. 26) is **APPROVED** and **ADOPTED**;
3. Plaintiff's Request for Review (Doc. Nos. 19, 20) is **DENIED**;
4. Judgment is entered by separate document; and
5. The **CLERK OF COURT** shall **CLOSE** this case.

                                          **AND IT IS SO ORDERED.**

                                          */s/ Paul S. Diamond*
                                          _____

                                          Paul S. Diamond, J.